IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 3, 2008 Session

# ROBERT RICHMOND and wife, DARLENE RICHMOND, v. HSBC BANK, USA, as trustee

**Direct Appeal from the Chancery Court for Anderson County**
**No. 07CH6813      Hon. William E. Lantrip, Judge**

**No. E2008-00488-COA-R3-CV  - FILED MARCH 26, 2009**

Plaintiffs brought this action to enjoin enforcement of a detainer judgment and to nullify a foreclosure on their home on the basis that defendant failed to offer the property for sale at the courthouse door, in accordance with the notice of foreclosure. The Trial Court held plaintiffs failed to prove their allegations and found the foreclosure sale was properly held. Plaintiffs appealed. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JON KERRY BLACKWOOD, SP.J., joined.

Billy P. Sams, Oak Ridge, Tennessee, for appellants, Robert and Darlene Richmond.

Matthew A. Birdwell, Knoxville, Tennessee, for appellee, HSBC Bank, USA.

## OPINION

Plaintiffs alleged that they received a notice of foreclosure indicating that a sale was scheduled for December 11, 2006, at noon, on the front steps of the courthouse in Clinton, Tennessee, and that plaintiff Richmond appeared on the courthouse steps from 11:45 to 12:30 on that date, but no representative of defendant appeared. Plaintiffs concluded the sale was not actually conducted, and the resulting detainer judgment was fraudulently obtained.

Defendant answered, alleging the sale took place on December 11, 2006, at noon, on

the front steps of the courthouse at Clinton, and that plaintiff Richmond was not present or did not make his presence known. Defendant's answer set forth that all elements of the foreclosure had been carried out and their detainer judgment was proper.

At the trial of the case, Richmond testified that he filed Chapter 7 bankruptcy and his debts were discharged, but the mortgage company was relieved from the stay and sent notice of foreclosure. He testified that he wanted to go to the sale, and when he arrived at the courthouse, he looked around for his attorney but could not find him. He testified that he met Pastor Curtis Acres in the courtroom lobby and then went downstairs to wait on the sale. He testified that when he last checked the time it was 11:25 a.m., and he went outside and went to a mortgage company across the street and talked to a lady inside for a few minutes and then he went next door to a gold/silver store, but at all times he kept watch on the courthouse. He testified that Pastor Acres came out about 11:50 and he saw him talking with some people, and then he heard a bell ring for noon. He testified that he kept waiting there until 12:15, and that when he went back inside he spoke to a Myra McMillan to make sure of the time. He testified that he was in front of the courthouse from 12:00 to 12:15 and did not see defendant's representative there.

Plaintiff admitted that although he came specifically for the sale, he did not wait on the courthouse steps all morning, but rather went several places, including General Sessions Court, the tax assessor's office, the license office, and two businesses across the street. He admitted the last time he had memory of checking the time was 11:25. He thought he left the gold/silver store at 11:50 but was not sure because he was not watching the time, and he tracked it in his head.

Reverend Curtis Acres testified that he was at the courthouse that day to testify for a parishioner, and that he met plaintiff Richmond inside the courthouse and talked to him for a few minutes. He testified he knew that occurred in the morning before the noon hour. He testified that his case was finished before lunch and he went outside and talked on the courthouse steps, and saw plaintiff Richmond again outside the courthouse. He did not know the exact time, but it was lunch time.

Margaret Barta testified that she worked as a landscape designer, but for the past two years, she had been doing foreclosure calls on the side, and had done about forty of them. She testified that two of these were done as a favor to her roommate, and she did not charge. She testified that her roommate, Alyssa Reeves, worked for the law firm of Shapiro and Kirsch, and she trained her in doing foreclosure calls.

Barta testified that on December 10, 2006, her roommate told her she was supposed to be in two different places the next day, and asked her to do this foreclosure call in Clinton. She testified that she came to the courthouse in Clinton at about 11:45 on the day in question, started the call at noon, it took about two minutes to read, and then she left immediately thereafter. She testified that while she was there, she never saw plaintiff Richmond, but she saw a group of people talking for about 30 seconds, and then they left. She testified that she read two documents, one of which described the property and gave the address, and stated the opening bid was $83,000. She testified

that when she realized there were no third-party bidders, she left.

Barta presented her day planner, and read from it a notation on December 11, 2006, that she was to be in Anderson County at noon for Alyssa's sale, and that she went by the time on her cell phone because it was satellite and she knew it was correct. She testified that one could not go by the chimes at the courthouse because they were four or five minutes late. She testified that on her way back to Knoxville she called Alyssa to let her know there were no third party bidders. Barta presented her cell phone records to show that this call took place at 12:16 p.m.

Alyssa Reeves testified that she had been working for Shapiro and Kirsch for about two years, and that she did title work and foreclosure sales. She testified that she had trained Maggie Barta on how to do the sale, and then watched her do 2or 3 sales. She testified that Barta invoiced Shapiro directly when she did a sale, and that she asked Barta to handle the Anderson County sale.

Reeves testified that Barta called her after the sale and told her there were no bidders, and that she then sent an email to Tamara at her office and told her this information, via her blackberry. She presented a copy of the email, which bore a time of 12:20.

The Trial Court entered Judgment on January 30, 2008, and found the testimony of all the witnesses was credible. Further, that defendant's agents duly scheduled and noticed the foreclosure sale, and that petitioners received notice, and that the notice was published in the Knoxville News-Sentinel, a publication of general circulation in Anderson County. The Court found that defendant's agent, Barta, did actually conduct the foreclosure sale in accordance with Tenn. Code Ann. §35-5-101, and that she properly placed a credit bid on defendant's behalf, which resulted in the property being sold to defendant. The Court found that Mr. Richmond was present at the courthouse, but did not attend the sale. The Court said there was no proof that defendant acted fraudulently in the conduct of the sale or thereafter, nor that petitioners were damaged in any way. The Court granted Judgment in favor of defendant.

Plaintiffs have appealed.

The sole issue on appeal is whether the Trial Court erred in holding that the foreclosure sale actually occurred.

Plaintiffs argue the weight of the evidence does not support the Trial Court's conclusion that this foreclosure sale actually took place, because plaintiff's presence at the courthouse was corroborated by Rev. Acres, and because Barta did not bill for her time nor present any documentation that she was actually there.

As this Court has previously stated:

In a non-jury case such as this one, we review the record de novo with a presumption of correctness as to the trial court's determination of facts, and we must honor those

-3-

findings unless there is evidence which preponderates to the contrary. When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings.

*Smith v. Gregory*, 253 S.W.3d 175 (Tenn. Ct. App. 2007).

In this case, the Court found all of the witnesses credible, and the evidence established that plaintiff Richmond went to the courthouse to be present at the sale but admitted he did not refer to any time-keeping device between 11:25 to 12:15. He testified that he was inside the courthouse at times, and also inside businesses across the street at other times, and he thought he was at the courthouse at noon because he heard the bells chime. By contrast, Barta testified she arrived at 11:45, waited a few minutes, checked the doors and the steps at a few minutes to noon to see if anyone was waiting for the sale and then proceeded with the sale announcement at exactly noon, according to the time on her cell phone. She testified that the courthouse bells would not accurately chime at noon, but they were late, and she left immediately after the sale to drive to Knoxville and called Reeves on the way to report there were no bidders. This was verified by her telephone records as well as by email records presented by Reeves and Scaggs.

The evidence does not preponderate against the Trial Court's finding that the sale actually took place, as Barta testified, and that Richmond was around the courthouse but was not present for the sale. Tenn. R. App. P. 13(d).

The testimony of the witnesses can be reconciled. Plaintiff Richmond admitted he was not sitting and waiting on the courthouse steps for the whole time between 11:25 and 12:15, but rather was walking around and going in and out of other businesses and offices, while "keeping watch" on the courthouse steps. He also admitted that he was expecting to see an event with a podium and at least 2 or 3 people. The evidence demonstrated that plaintiff Richmond could have easily misjudged the time and missed the sale which only took a couple of minutes to conduct.

We affirm the Judgment of the Trial Court and assess the costs of the appeal to plaintiffs Robert and Darlene Richmond.

_____
HERSCHEL PICKENS FRANKS, P.J.